UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ali Musaid Muthana, et al.,

        Plaintiffs,         Case Number: 23-12255
                                       Hon. George Caram Steeh

v.

Jodi Deangelo, et al.,

        Respondents.
_____/

## **OPINION AND ORDER DISMISSING WITHOUT PREJUDICE ALL PLAINTIFFS EXCEPT PLAINTIFF MUTHANA AND DIRECTING PLAINTIFF MUTHANA TO FILE AMENDED COMPLAINT**

This matter is before the Court on a joint civil rights complaint filed by 17 prisoner plaintiffs under 42 U.S.C. § 1983. The complaint names 14 defendants, all of whom are Michigan Department of Corrections employees working at the Woodland Correctional Facility in Whitmore Lake. The complaint alleges that Defendants have violated Plaintiffs' Eighth Amendment rights by using excessive force against mentally ill prisoners causing physical injury.

For the reasons that follow, the Court will sever lead Plaintiff Ali Musaid Muthana's case from the remaining Plaintiffs. The Court will dismiss the remaining Plaintiffs' claims without prejudice. The Court will

- 1 -

require Plaintiff Musaid to file an amended complaint that removes all other Plaintiffs and alleges only claims relevant to him.

## I.  DISCUSSION

The joinder of claims, parties, and remedies is "strongly encouraged" where appropriate in the interest of judicial economy and fairness.  Fed. R. Civ. P. Rule 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  But there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.).

First, there are the potential difficulties which would likely arise from Fed. R. Civ. P. 11(a)'s requirement that all Plaintiffs sign every jointly filed document including the "possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.'"  *Proctor*, 661 F. Supp 2d at 780 (quoting *Boretsky v. Corzine*, 2008 WL 2512916, *5

(D.N.J.2008)).  Also, if a separate filing were made by one plaintiff, he would need to serve the other plaintiffs under Fed. R. Civ. P. Rule 5(a). Multiple-plaintiff *pro se* prisoner cases can also often create the risk that some prisoners may attempt to file pleadings on behalf of other plaintiffs without their consent.  *Id.*  Joint litigation is further complicated by the transitory nature of prison populations.  *See id.*; *see also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402 (W.D.Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").  This is particularly relevant here where Plaintiffs are currently housed in four different correctional facilities including one in South Carolina.

In addition, the "'need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a),'" contributes to the difficulties of multiple-plaintiff *pro se* prisoner cases.  *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky*, 2008 WL 2512916 at * 6).  In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult."  *Id.*

The Court may dismiss misjoined parties from an action, but misjoinder is generally not sufficient to dismiss an entire case. *See* Fed. R. Civ. P. 21. The Court will dismiss all Plaintiffs except Ali Musaid Muthana, the first named Plaintiff. The dismissed Plaintiffs are dismissed without prejudice to the filing of new, separate lawsuits.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* suits. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will direct Plaintiff Muthana to file an amended complaint within thirty days from the date of this order. The amended complaint must remove the dismissed Plaintiffs and allege facts and claims relevant only to Plaintiff Muthana.

To the extent that Plaintiff Muthana seeks to certify this case as a class action, the request is denied. A prisoner proceeding *pro se* cannot represent the interests of his or her fellow inmates in a class action. *See*

*Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001).

## II. CONCLUSION

Accordingly, IT IS ORDERED that all Plaintiffs except Plaintiff Muthana are DISMISSED WITHOUT PREJUDICE.  Plaintiff Muthana remains a party to this lawsuit.

IT IS ORDERED that Plaintiff Muthana must file an amended complaint within THIRTY DAYS from the date of this order that removes the dismissed Plaintiffs and raises only those alleged constitutional violations which specifically pertain to Plaintiff Muthana.  Failure to so may result in dismissal of this action without prejudice.

**SO ORDERED**.

                          s/George Caram Steeh
                          HON. GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2023

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 31, 2023October 31, 2023, by electronic and/or ordinary mail and also on the following:

Eli Alaneder
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Robert Bosse
579362
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Travis Bottrall
745943
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221

Gunn
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Marcus Kragness
435118
WILLIAMSBURG
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 340
SALTERS, SC 29590

Mayo
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Richard Miles
690831
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Ali Musaid Muthana
283046
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Doney Nichols
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Joshua Paradien
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Pine
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Mikel Smith
750337
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Tyler Smith
608481
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221

Kyle Stone
778454
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Anthony Thomas
798792
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

Joseph Weiss
621913
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221

James Whorton
321193
WOODLAND CENTER CORRECTIONAL FACILITY
9036 E M-36
WHITMORE LAKE, MI 48189

s/Michael Lang
Deputy Clerk