UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ali Musaid Muthana, et al.,

       Plaintiffs,                      Case Number: 23-12255
                                            Hon. George Caram Steeh

  v.

Jodi Deangelo, et al.,

       Respondents.
_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Ali Musaid Muthana is a prisoner in the custody of the Michigan Department of Corrections. He and 16 other prisoner plaintiffs filed a joint civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) The Court dismissed all but the first-named Plaintiff, Muthana, and ordered him to file an amended complaint within thirty days. (ECF No. 14.) Plaintiff sought an extension of time, to file an amended complaint. (ECF No. 19.) The Court granted the motion and directed Plaintiff to file an amended complaint on or before January 9, 2024. (ECF Nos. 20.) Plaintiff has not filed an amended complaint. Instead, Plaintiff notified the Court he is unable to file an amended complaint because he has not received assistance from the prison legal writer program, he is mentally ill, and ignorant of the law. (ECF No. 21.)

This Court may dismiss a civil action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001).  If a prisoner fails to comply with a court order to file an amended complaint, the case may be dismissed for failure to prosecute.  See *Gee v. Pacheco*, 495 F. App'x 942, 943-44 (10th Cir. 2012); *Verdugo v. Cohen*, 430 F. App'x 592, 593 (9th Cir. 2011); *Trevino v. Kelly*, 245 F. Supp. 3d 935, 946 (E.D. Mich. 2017).  Plaintiff failed to file an amended complaint by the deadline imposed in the Court's last order and will be dismissed on that basis.

To the extent that Plaintiff seeks to excuse his failure to comply with the Court's order by requesting appointment of counsel to assist him, he has not shown appointment of counsel is justified. Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) ("[T]here is no right to counsel in prisoner civil rights cases.").  Under 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "within the discretion of the court," *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quotation omitted), and "is a privilege that is

- 2 -

justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (quotation omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel.  The complaint filed by Plaintiff in this case and pleadings he recently filed in other cases in this district show that he is sufficiently articulate and able to present his case to the Court. Moreover, Plaintiff does not show how his circumstances are different than other incarcerated plaintiffs. *See, e.g., Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244 at *1, (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts.  These are ordinary and routine impediments incident to prisoner litigation."). Accordingly, appointment of counsel is not warranted.

For these reasons, the Court ORDERS the complaint DISMISSED WITHOUT PREJUDICE.  The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                               s/George Caram Steeh
                                               HON. GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

Dated: June 11, 2024

- 4 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2024, by electronic and/or ordinary mail and also on Ali Musaid Muthana #283046, Woodland Center Correctional Facility, 9036 East M-36, Whitmore Lake, MI 48189.

s/LaShawn Saulsberry
Deputy Clerk

- 4 -